**Albert MASCOLO**

v.

**John J. NORTON, Warden, Federal Correctional Institution, Danbury, Connecticut.**

**Civ. No. B–74–461.**

United States District Court, D. Connecticut.

Nov. 6, 1975.

---

Michael J. Churgin, Dennis E. Curtis, Stephen Wizner, Pierce H. O'Donnell, Michele Hermann, Jerome Frank Legal Services Organization, New Haven, Conn., for petitioner.

Peter C. Dorsey, U. S. Atty., Kenneth R. Davis, Asst. U. S. Atty., Bridgeport, Conn., for defendant.

## MEMORANDUM OF DECISION

ZAMPANO, District Judge.

This is another in a series of cases which disclose the arbitrary classification of an inmate as a "member of organized crime" or "Special Offender" by federal prison officials without a rational basis in fact and without affording the inmate any procedural due process protections. See, e.g., *Cardaropoli v. Norton*, 523 F.2d 990 (2 Cir. 1975); *Catalano v. United States*, 383 F.Supp. 346 (D.Conn.1974); *Masiello v. Norton*, 364 F.Supp. 1133 (D.Conn.1973).

On December 16, 1974, Albert Mascolo, presently incarcerated at the Federal Correctional Institution, Danbury, Connecticut, submitted a *pro se* application for habeas relief on the ground that he was being deprived of certain institutional benefits because of false and highly prejudicial material in his prison files linking him with acts of violence and designating him a member of organized crime. Counsel was appointed for Mascolo and an amended petition was filed on April 17, 1975.

In essence, the amended petition alleged that Mascolo 1) had been *de facto* classified as a "Special Offender" contrary to the principles enunciated in *Catalano v. United States*, supra; 2) was unlawfully denied minimum custody status in the prison; and 3) had been improperly designated an "original jurisdiction" case for the purposes of parole consideration. It is uncontroverted that Mascolo had been placed in a close custody category at the prison and that his parole application had been submitted for *en banc* consideration of the five Regional Directors, pursuant to 28 C.F.R. § 2.17(a)(1974), on the basis of information contained in his presentence report. The report indicated that Mascolo was a professional "hit man", had threatened a government witness, and "had been questioned about the shooting of Joseph Columbo's attempted assassin." In addition, internal records of the Board of Parole labeled Mascolo a member of organized crime.

Just prior to the hearing scheduled by this Court to hear evidence on the issues raised in the amended petition, the Assistant United States Attorney assigned to this case instituted an investigation into Mascolo's claims. As a result, the Court was informed that new, corrective information had been attached to Mascolo's prison records which confirmed that Mascolo was not a member of organized crime, that the "hit man" allegations were unsubstantiated, and that law enforcement agents were not aware of any evidence that Mascolo had been questioned in connection with the attempted murder of Joseph Columbo. Moreover,

the Court now has been notified that Mascolo has been placed in minimum custody at the prison, has received favorable action on his requests for furloughs, is not classified "Special Offender" or designated a member of organized crime, and has received a new parole hearing which was not referred for an *en banc* review.

In addition, the Court requested the government to submit Mascolo's prison file for an *in camera* inspection. An examination of the prison records verifies government counsel's representations; and, therefore, the Court concludes that the issues raised by the amended petition have now become moot.

Accordingly, judicial intervention is not warranted; the amended petition is dismissed.